**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                  Civil No. 04-cv-341-JM

<u>Land Rover Discovery 1997</u>

**O R D E R**

The government has moved for voluntary dismissal of the case and, in a separate motion, for a "certificate of reasonable cause." Claimant has not responded directly to the latter but its objection to the voluntary dismissal includes its substantive objection to both motions. Claimant also seeks attorney's fees.

<u>Background</u>

On March 24, 2004 the Durham police arrested Liam Scofield, claimant's son, on drug charges. A search of the vehicle he was operating uncovered drug paraphernalia. The subject vehicle was used in some prior controlled purchases of marijuana. On March 29, 2004, the Durham police seized the 1997 Land Rover Discovery. Thereafter, the Asset Forfeiture Section of the Drug Enforcement Administration ("IDEA") proceeded with forfeiture proceedings.

Mr. Scofield provided the Durham police with written notice that he owned the vehicle and that the Certificate of Title was

in his name.  Nevertheless, the Durham police and the DEA refused to acknowledge his ownership.  Relying on Liam Scofield's oral statement of ownership and with notice that the Certificate of Title was in Mr. Scofield's name, the U.S. Attorney proceeded to file a complaint for forfeiture.  After discovery the government has acknowledged the claimant's ownership.  In the meantime, the vehicle has depreciated and has suffered some slight damage in an accident while it was in the hands of the Durham police.

At a settlement conference with me the following oral agreements were made:

    1.  The United States would take a voluntary non-suit;

    2.  The United States would seek a certificate of reasonable cause as to the United States which the court would issue without objection;

    3.  The United States, but not the Durham police, would be released;

    4.  The court would award $200 in costs to claimant from the United States Judgment Fund; and

    5.  Government counsel would seek to obtain the maintenance logs which Durham by contract with the U.S. Marshal, was contractually required to keep.

Neither party has moved to enforce the settlement agreement.  The motions will therefore be decided on the merits.

## Discussion

Title 21, United States Code, Section 881(a)(4) subjects to forfeiture "(a)ll conveyances, including . . . vehicles . . . which are used . . . to transport, or in any manner facilitate the . . . sale . . . of (controlled substances)."  The record clearly shows that the subject vehicle was used to facilitate the sale of drugs.  Under the statute the vehicle was subject to forfeiture, provided, however, that:

> (a)n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.  The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

18 U.S.C. § 983(d).

A core issue as to each motion is the ownership of the subject vehicle.

## Ownership of the Res

New Hampshire is a Certificate of Title state.  See N.H. RSA 261.  It is undisputed that the claimant, not the son, was the listed owner on the Certificate of Title.  That did not end the

inquiry when Liam Scofield was arrested and claimed ownership nor when Mr. Scofield asserted his claim under the certificate of title.

Under "Title XXI MOTOR VEHICLES", which includes the certificate of title chapter, an "owner" of a motor vehicle includes, for various purposes under the title, one who has use and possession of a vehicle.  See N.H. RSA 259:72.  Thus, for registration purposes if Liam had exclusive right to the use of the vehicle for thirty (30) days he was the owner.  N.H. RSA 259:72I.  Ownership is not determined purely by the certificate of title under New Hampshire law and, under prevailing circuit law title is determined by dominion and control over the subject property.  United States v. $81,000 in U.S. Currency, 189 F.3d 28, 35 (1st Cir. 1999).

When Liam told the Durham police that the vehicle belonged to him, but was registered in his father's name because his registration privileges had been suspended, the true ownership, as opposed to title ownership, was a legitimate question under state law and federal forfeiture law.  In addition, he was surveilled over a two-week period exercising dominion and control over the vehicle.  In short, use of the vehicle to distribute

drugs was not in doubt whereas "ownership" indicia was mixed. The fact that the government has decided to accept claimant's ownership claim and to take a voluntary dismissal does not mean he would have won at trial.

The government is entitled to a certificate of reasonable cause. Pursuant to the motion for voluntary non-suit by the government, the claimant is entitled to the subject vehicle.

The motion for a certificate of reasonable cause is granted. This order serves as that certificate. The motion for voluntary non-suit is granted and claimant is hereby awarded the subject Land Rover. Given the mixed evidence as to who would be the "substantially prevailing party" if the case were tried claimant is not entitled to an award of attorney's fees. He is free to sue the Durham police for damage to the vehicle.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 19, 2005

cc:   Robert J. Rabuck, Esq.
      Rodkey Craighead, Jr., Esq.